UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD LEE GEORGE,<br><br>Defendant. | NO. CR-12-2042-LRS<br><br>**ORDER RE MOTIONS<br>IN LIMINE,** *INTER ALIA* |

A pre-trial conference was held on January 11, 2013. This order memorializes the rulings made from the bench.

**1) Defendant's Objection To Proposed Rebuttal Govt. Witnesses (ECF No. 96)**

For the reasons stated in the court's September 6, 2012 "Pre-Trial Order" (ECF No. 87 at pp. 3-4) and the additional reasons stated in open court, the Defendant's objection is **SUSTAINED**. M.M.S. and S.E.S. will not be allowed to testify as rebuttal witnesses.

**2) Government's Objection To Fed. R. Evid. 412 Video Excerpts (ECF No. 93)**

To the extent the Government asks that the full video of T.D.'s interview be played, its objection is **OVERRULED**. The court **RESERVES** ruling on whether it will direct that portions of the video requested by the Government

**ORDER RE MOTIONS
IN LIMINE,** *INTER ALIA*-               1

(37:16 through 37:29 and 47:45 through 48:08) be played at trial in addition to the portion designated by Defendant (37:30 through 47:44).[1] In lieu of having the additional portions played, the court will consider any prefatory instruction proposed by the parties.

The portion of the video from 39:30 to 42:17 will not be omitted on the purported basis that it constitutes double hearsay. In that portion of the video, T.D. talks about things her mother told her, including that her mother was molested as a child. Pursuant to Fed. R. Evid. 801(d)(2), T.D.'s statement appears to not be hearsay and, to the extent the mother's statement (as relayed by T.D.) is hearsay, it fits within the state of mind exception to the hearsay rule (Fed. R. Evid. 803(3)) because it would be offered to show T.D.'s then-existing state of mind and not to prove that her mother had in fact been molested as a child. This information is relevant to T.D.'s state of mind and her fears and concerns about abuse.

**3) Government's Motion For 18 U.S.C. §3509(i) Order (ECF No. 104)**

This motion is **GRANTED**, provided the adult attendant will not be a witness or potential witness in the case. Considering the ages of the child witnesses, the court does not anticipate allowing the attendant to hold any child witness's hand or have any child witness sit on the adult attendant's lap. Per the statute, "the image of the child attendant, for the time the child is testifying or being deposed, shall be recorded on videotape."

///
///
///

---

[1] The court uses the running time identified in the written transcript (Ex. C to ECF No. 62), rather than the time of day.

**ORDER RE MOTIONS
IN LIMINE,** *INTER ALIA*-           2

**4) Government's Motion In Limine (ECF No. 102)**

    **a) FBI 302s**

Defendants say he has no intention of introducing the 302s into evidence, but should a witness testify inconsistently with what is recorded in a 302, then the Defendant will ask the witness about the prior inconsistent statement, and if the witness denies making the statement, reserve the right to call the author of the 302s (FBI Agent Terami) as an impeachment witness.  The Government acknowledges that the defense may ask a witness whether he or she made a statement that is reflected in an FBI 302, however, if the defense is not satisfied with the answer, it may not publish or introduce the contents of the 302 as a prior inconsistent statement.  Defendant says he does not intend to publish or introduce the contents of the 302, but would call Agent Terami as an impeachment witness.

Based on the foregoing, this portion of the Government's motion in limine  is **GRANTED** and the Defendant may use the 302s subject to the limitations he has acknowledged.

    **b) Prior Acts By Oscar Charles Finley and Kevin Ganuelas**

Testimony regarding the alleged assault of the Defendant shall be limited to that which is elicited from the child witnesses and, as may be necessary, from the mothers of the children.  The child witnesses' knowledge of their fathers' actions after their initial disclosures of alleged sexual abuse by Defendant is relevant to the jury's consideration of their credibility, specifically the question of whether because of their fathers' actions, this affected their subsequent statements to law enforcement and to Cecilia Barajas.

Defendant is precluded from questioning the responding officers (Rogers and Somers) or the alleged assailants (Finley and Ganuelas) about the assault. Furthermore, evidence of the alleged assault itself, including testimony, medical

**ORDER RE MOTIONS
IN LIMINE,** *INTER ALIA***-**          3

reports or other exhibits from that investigation, is precluded.  This evidence is unduly prejudicial to the Government and would otherwise confuse the jury.

This portion of the Government's motion in limine is **GRANTED** to the extent set forth above and **DENIED** to the extent it seeks wholesale exclusion of any evidence of the assault.

### c) Prior Acts By Alexander Somers

The defense agrees the pending federal charges against Somers are irrelevant and should not be brought up at trial.  Accordingly, this portion of the Government's motion is **DISMISSED as MOOT**.

### d) Dr. Yuille

Dr. Yuille will be allowed to testify as to general scientific principles regarding the nature of memory and how that pertains to the questioning of children.  These general principles are discussed at pages 8-9 of Dr. Yuille's January 30, 2012 report which was first provided to the Government on August 10, 2012, when it was attached as an exhibit to Defendant's Motion To Suppress.  Dr. Yuille will not be allowed to opine about the specific circumstances of this case and the particular questioning of the children which occurred because that would effectively be an opinion regarding the credibility of the children and invade the province of the jury.  Thus, Dr. Yuille will not be allowed to offer the opinion found at the second full paragraph of page 9 which begins with the sentence: "In the present case at least three of the four conditions known to increase the likelihood of adopting a suggestion were

///
///
///
///

**ORDER RE MOTIONS IN LIMINE,** *INTER ALIA-*          4

present . . . ."[2]

Dr. Yuille is qualified to discuss the aforementioned general principles and these principles are relevant to the jury's consideration of the evidence. The probative value of Dr. Yuille's testimony, as limited to general principles, is not unduly prejudicial. The Government has been provided adequate notice of the anticipated testimony of Dr. Yuille, particularly so since that testimony will be limited to what the Government acknowledges are the "broad 'general principles' in the field of child forensic interviewing" which are contained in his August report.

The portion of the Government's Motion In Limine is **GRANTED** to the extent set forth above and **DENIED** to the extent it seeks wholesale exclusion of any testimony from Dr. Yuille.[3]

///
///

---

[2] Dr. Yuille will not be allowed to testify, as suggested by Defendant in his response brief, "as to whether the manner of the initial interviews (i.e., the group interviews by Yakama Nation Police Department Officers and the interview of Andrea Delgado in [T.D's] presence by Agent Terami) are the types of outside influences that can alter a witness's reconstructive memory and the extent to which the age of the witnesses; sources of suggestion; repetition; and plausibility of suggested information increase the risk of permanently altering the children's memories."

[3] The Government's Motion In Limine is timely because in its September 6, 2012 Pre-Trial Order, the court "allowed [the parties] to file additional motions in limine as is necessary and within a reasonable time prior to trial." The Government's Motion In Limine was filed on December 21, three weeks prior to the January 14 trial date.

**ORDER RE MOTIONS IN LIMINE, *INTER ALIA*-**        5

**5) Defendant's Motion In Limine (ECF No. 134)**

Based upon the representations of counsel in open court, for the time being, this motion is deemed **MOOT** and **DISMISSED as such, without prejudice**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this __11th__ day of January, 2013.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

ORDER RE MOTIONS
IN LIMINE, *INTER ALIA*-        6